UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Bonnie Barrett, <br><br> Plaintiff <br><br> v. <br><br> Sam's West, Inc., a Foreign Corporation dba Sam's Club # 6382, et al., <br><br> Defendants | Case No.: 2:19-cv-01902-JAD-NJK <br><br> **Order Denying Motion for Summary Judgment Under FRCP 56(d) and Vacating Hearing** <br><br> [ECF No. 32] |

Plaintiff Bonnie Barrett was working inside a Las Vegas Sam's Club store as a food-sample handler and employed by Advantage Sales & Marketing, LLC, when she allegedly tripped on a pallet, sustaining injuries.[1] Barrett filed for and received worker's compensation benefits for the incident, and she sued Sam's Club for negligence. Sam's Club now moves for summary judgment on her claims, arguing that they are barred by Nevada's Industrial Insurance Act (NIIA), NRS 616A.020(1), which immunizes employers from suit when an injured employee accepts worker's compensation benefits, because Sam's Club and Advantage were her co-employers by virtue of their contractual relationship.[2] Barrett argues that Sam's Club can't claim the benefits of this immunity because she "did not work for Sam's Club, was not paid by Sam's Club[,] and [was] engaged in activities that were completely different from Sam's Club's actual employees . . . ."[3] At a minimum, she contends, she should be given the opportunity to

---

[1] ECF No. 1-1.

[2] ECF No. 32; *see also* Nev. Rev. Stat. § 616A.020; *Baiguen v. Harrah's Las Vegas, LLC*, 426 P.3d 586, 589 (Nev. 2018) ("The Nevada Industrial Insurance Act (NIIA) provides the exclusive remedy for an employee against [her] employer when the employee sustains an injury 'arising out of and in the course of the employment.'").

[3] ECF No. 33.

conduct discovery into the relationship between Advantage and Sam's Club so she can attempt to develop the necessary facts to defeat this motion.[4]

    Rule 56(d) provides "a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence."[5]  It allows the court to defer or deny a summary-judgment motion and allow additional discovery.[6]  To prevail on a Rule 56(d) request, the movant must show: "(1) that [she has] set forth in affidavit form the specific facts that [she] [hopes] to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion."[7]  Barrett makes a meritorious case for Rule 56(d) relief here.  Sam's Club asserts that it qualifies as Barrett's co-employer based on its contractual relationship with Advantage.[8]  But Barrett has shown that the contracts that Sam's Club provides are incomplete and that discovery should be permitted to allow her to obtain all related documents.[9]  Her counsel's declaration also establishes why limited depositions of persons most knowledgeable about the duties performed by Advantage employees and Sam's Club employees are essential to a proper response based on Nevada law.[10]

    IT IS THEREFORE ORDERED that Defendant Sam's West, Inc.'s Motion for Summary Judgment **[ECF No. 32] is DENIED** under FRCP 56(d) without prejudice to its re-urging after November 14, 2021.

---

[4] *Id*. at 13.

[5] *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002).

[6] Fed. R. Civ. P. 56(d)(1)–(2).

[7] *Fam. Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008); *California v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998).

[8] ECF No. 32 at 9–11.

[9] ECF No. 33 at 14.

[10] *Id*. at 7, 14.

IT IS FURTHER ORDERED that the discovery period is reopened through November 14, 2021, for the limited purpose of allowing discovery related to Sam's West, Inc.'s NIIA exclusive-remedy argument. The scope of this discovery is limited to two depositions and five of each of the following: interrogatories, requests for production, and requests for admission.

IT IS FURTHER ORDERED that **the hearing scheduled for September 16, 2021, is VACATED as moot.**

_____
U.S. District Judge Jennifer A. Dorsey
Dated: September 16, 2021